due from the third party by the service of his order (Lynch v. Johnson, 48 N. Y. 27); and, if such right is contested by the assignee, it must be in a proper action, in which the bona fides of the assignment, or the amount actually collectible thereunder, can be determined after a trial. The plaintiff might be directed to pay the money into court, to preserve it for the party entitled thereto, but a summary determination of title cannot be made upon motion.

The right of Mr. Skelly, the attorney of Carrick in the action against Wiley, to proceed against the latter for the enforcement of his lien, I do not touch upon, as this appeal involves no right except that of Mr. Jacoby under his assignment. Mr. Skelly's lien is unaffected by the payment made without his knowledge. Dienst v. McCaffrey, supra.

The order appealed from should be modified by striking therefrom the provision that the plaintiff repay to Oswald N. Jacoby the sum of $191.78, the amount paid the plaintiff's attorney by the sheriff, and affirmed as to the residue. No costs of this appeal to either party. All concur.

---

(18 Misc. Rep. 81)

LURIE et al. v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

STREET RAILROADS—COLLISION WITH BICYCLE—CONTRIBUTORY NEGLIGENCE.
    A collision between plaintiff's tandem bicycle and defendant's horse car was caused by the negligence of plaintiff, where plaintiff, while going along the side of the track, suddenly turned across the track a few feet in front of the approaching car.

Appeal from Eighth district court.

Action by Adolph Lurie and another against the Metropolitan Street-Railway Company to recover damages caused to plaintiff's tandem bicycle by a collision with defendant's horse car. There was a judgment in favor of plaintiffs for $57 damages, besides costs, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry A. Robinson, John T. Little, Jr., and Ambrose F. McCabe, for appellant.

M. Martin, for respondents.

DALY, P. J. The plaintiffs have recovered a judgment against the railroad company for damage to their tandem bicycle, caused by a collision with a horse car going eastwardly along Thirty-Fourth street, at the intersection of Madison avenue, about 15 minutes past 10 o'clock on the night of August 29, 1895. Ross, one of the plaintiffs, was on the rear seat of the bicycle, and a man named Mosesson was on the front seat. They had ridden down Park avenue and turned into Thirty-Fourth street, had reached the center of Madison avenue, turned, and were crossing the tracks in front of the approaching car in order to go down Madison avenue. The questions presented by the evidence were whether the driver of the

car was negligent, and whether the plaintiffs were free from negligence contributing to the injury.

It clearly appears, from the evidence, that the men on the bicycle took the risk of crossing in front of the car when it was so near as to render a collision unavoidable. Ross says they were coming along Thirty-Fourth street on the north side, and when they got to the middle of Madison avenue they cut across the track, and the car was then 40 or 50 feet from the corner, and coming fast; that the front wheel passed the track, when the forward man was struck by the horse, and they were knocked down, and dragged 25 feet. He says that they had plenty of time to cross when they attempted to do so, and that they were going slowly. How, then, did it happen that they were struck? The explanation is found in the witness' subsequent admission that the horses' heads were 10 feet from him when he got on the track; and, when pressed to answer whether the horses traveled that distance before he could cross the track, he admitted that the distance might have been 8 feet, and could not say that it might not have been 6. Again, he stated that, when the front man came on the track, the horses were but 7 or 8 feet away, and, again, that they were that distance away before the man got on the track. The witness Mosesson, who was on the front of the bicycle, says that the car was about two houses from the corner of Madison avenue, when they were in the middle of the avenue on the north of the track, and turned at right angles to it. He says that they backpedaled, and hollooed to the driver to stop, and, before the witness could think, they were under the car; that the first horse struck him, and that his wheel only was on the track, and he cannot say how far the horses were when he crossed the first rail. From his testimony it would seem that the tandem was going, not slowly, as Ross testified, but so fast that the riders were unable to stop it by backpedaling, and that they ran directly in front of the horses.

Not only was the negligence of the riders clearly established, but the case is barren of facts upon which a charge of negligence on the part of the driver of the car could be sustained. Had the tandem been coming down Madison avenue, the driver would have had notice that it was about to cross the car tracks at Thirty-Fourth street, and there might, perhaps, be ground for asserting negligence on his part for not getting his car under control by checking its speed; but, as it was, there seems to have been no sign given by which he could know that the wheel, which was coming westward along Thirty-Fourth street, as he was going eastward, would turn to the left, and go across his track, instead of holding its course straight ahead, as might naturally be expected. The responsibility was upon the riders, in such a case, to determine whether it was safe to cut across ahead of the car, or ride on further, and cross behind it. That this error in judgment was extreme is shown by the fact that it was not the rear rider that was struck, but the front one. If the plaintiff's statement is correct, that the tandem was moving at a slow rate, and that the car was coming at a rapid rate, there seems no other conclusion than that

the plaintiffs were guilty of contributory negligence in attempting to cross. Under the circumstances, a collision was not only probable, but was certain, and the riders seem to be responsible for it.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.